## MOLLER v. MOLLER.

No. 5443–A.

District Court, Alaska, First Div. Juneau.

Feb. 1, 1946.

508

Howard D. Stabler, of Juneau, for plaintiff.

R. E. Robertson and M. G. Monagle, both of Juneau, for defendant.

KEHOE, District Judge.

This is a suit for separate maintenance. The defendant demurs to the complaint on two grounds: First, that the complaint does not state facts sufficient to constitute a cause of action, and, second, that the Court does not have jurisdiction to render a decree for separate maintenance in this suit.

It appears from the complaint that plaintiff and defendant intermarried at Juneau, Alaska, May 17, 1945, and separated August 15, 1945, and have since lived separate and apart.

Alleging that the separation was without the fault of the plaintiff, the complaint sets forth actions and conduct on the part of the defendant during the time he lived with the plaintiff which obliged her to live apart from him and to support herself until she became pregnant and was unable to work. It further alleges that the plaintiff has repeatedly sought to effect a reconciliation with defendant without result; it further alleges that defendant is a man of property and is capable of supporting his wife. The complaint fails to state that the plaintiff has no plain, speedy and adequate remedy at law. Neither does it allege a two years' residence of the plaintiff as is required in a divorce action.

For the purpose of the demurrer the facts alleged must be taken as true. 49 C.J. 434

It sufficiently appears by the recitals in the complaint that the defendant refused to support his wife, he having the ability so to do, without fault on her part.

In Schlothan v. Schlothan, 5 Alaska 162, Judge Jennings says:

"It is the duty of the husband to support the wife. The common law has recognized this obligation by providing that the nus-

band is liable for necessaries furnished the wife, whether with or without his consent. This liability ·on the part of the husband arises from the obligation attaching to the marriage relation." He further says (page 163 of 5 Alaska):

"Equity has its own inherent jurisdiction for the securing of a right or the prevention of a wrong, where there is no other plain, speedy, and adequate remedy; and, too, it has its own inherent jurisdiction to prevent a multiplicity of suits."

■ Alaska has no law on separate maintenance, but the common law, by Act of Congress,. has been declared to be in force in Alaska. Sec. 3271, Compiled Laws of Alaska 1933. And a suit for separate maintenance was well known at common law at the time of the adoption of the Constitution.

■ Some argument was made by defendant that the complaint does not allege that the husband has forbidden tradesmen to trust the plaintiff on his account, and it is intimated therefrom that the plaintiff might have secured provisions by charging his accounts. Such argument does not appeal to the Court as reasonable. To say that a deserted wife may be denied separate maintenance because she still has the right to use charge accounts of her husband is to deny the principle just set forth. Foodstuffs and clothing from stores are not the only rights of the wife to support by her husband.

■ The absence in the complaint of the jurisdictional· clause is immaterial. Zamboni v. Graham, 104 Colo. 23, 88 P.2d 98.

■ It is concluded that the complaint states a cause of action.

The second cause of demurrer goes to the jurisdiction of the Court to entertain a suit for separate maintenance. It is argued that Congress has placed a limitation upon the powers of courts in Alaska by providing in the Organic Act that "no divorce shall be granted by the legislature; nor shall any divorce be granted by the courts of the Territory, unless the applicant therefore shall have resided in the Territory for two years next preceding the application, which residence and all causes for divorce shall be determined by the court upon evidence adduced in open court." 48 U.S.C.A. §§ 45, 77.

The District Court of Alaska was established by Act of Congress June 6, 1900. The Organic Act was passed August 24, 1912. In the Act of June 6, 1900, the jurisdiction of the District Court is made general in "civil, criminal, equity, and admiralty causes," and with the jurisdiction of District Courts of the United States. Sec. 101, Title 48 U.S.C.A.

■ The fact that Congress in the Organic Act placed limitations upon the power of the District Court to grant divorces on less than two years' residence does not mean that it intended to thus limit its jurisdiction in suits for separate maintenance. The latter class of cases are not divorce cases because the relief prayed for does not include a divorce, but rather alimony to which the wife is entitled when without her fault the husband, having the ability to support her, through his own fault fails or refuses to do so. They are clearly equity cases. They seek not to dissolve the marriage relation but to affirm it and to enforce the obligations of that relation. Alaska Courts have always upheld the right of a wife to resort to a suit for separate maintenance in a proper case. Olson v. Olson, 3 Alaska 616; Schlothan v. Schlothan, 5 Alaska 162.

Certainly they cannot be said to come under the limitation in the Organic Act respecting divorces. Congress at the time of the passage of that Act unquestionably knew that District Courts in Alaska for more than twelve years had possessed general equity jurisdiction. To say that it intended by the divorce limitation to restrict the original and inherent equity jurisdiction of the Courts by requiring a two years' residence as a prerequisite to the initiation of a suit for separate maintenance, is inconceivable.

The demurrer will be overruled.